**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SIR RICHARD ERIN GRAY, SR.,** | ) | **CASE NO. 1:16 CV 1719** |
| | ) | |
| Plaintiff, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **JEAN EILEEN MCCORMICK,** *et al.,* | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Sir Richard Erin Gray, Sr., of Warner Robins, Georgia, filed this action against the following residents and entities of Tennessee: Jean Eileen McCormick, Bradley T. Bracey, W.H. Taylor Harrold Russell Taylor, the Center for Disease Control in Nashville, Tennessee, Marc. C. Scriggs, the Nashville Metropolitan Police Department, the CJC, the Davidson County Sheriff's Department, the State of Tennessee, the City of Nashville, Mark Fishburn, William Faimon, Gale Robinson, Diane Turner, William Higgins, and Cheryl Blackburn. He asserts, without explanation, that the Defendants violated 51 criminal statutes, 8 securities and exchange statutes, the Privacy Act, and committed copyright infringement. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

**I. BACKGROUND**

Plaintiff's Complaint contains very few factual allegations. He contends he moved to Tennessee to attend college, "unaware of his presence in special maritime and territorial jurisdiction of the United States." (ECF No. 1 at 1.) He indicates he recently discovered the Defendants "solicited, victimized and caused great harm and mayhem to [him], his family, children and any other well-wishers." (ECF No. 1 at 2). He alleges the Defendants "broke every constitution protection of Plaintiff as an agenda to lead and [unintelligible] him and future generations into peonage and slavery." (ECF NO. 1 at 2). He states he was not the only person affected by the Defendants' actions.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough

-2-

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

As an initial matter, this Court does not appear to be the proper venue for this case. The Plaintiff is a resident of Georgia suing individuals and entities from Tennessee for actions that appear to have occurred in Tennessee. This case has no apparent connection to the Northern District of Ohio.

A civil action may be brought only in: (1) a judicial district where any Defendant resides, if all Defendants reside in the District in which the Court is located, (2) a judicial

district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). Based on these criteria, the only plausible District where this action could be brought is the Middle District of Tennessee.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. Because Plaintiff's Complaint does not meet the basic pleading requirements of Federal Civil Procedure Rule 8, the Court finds that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure up unpled allegations. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. Plaintiff does not indicate what any of the Defendants did to violate the numerous statutes he cites. At best, his claims are stated solely as legal conclusions, unsupported by factual allegations. The Complaint does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8.

### IV. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

                                                *s/Dan Aaron Polster*     7/14/2016
                                                **Dan Aaron Polster**
                                                **United States District Judge**

---

[1]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.